(160 App. Div. 206)

### BENISCH et ux. v. MANDELBAUM.

(Supreme Court, Appellate Division, First Department. December 5, 1913.)

1. GAMING (§ 45*)—ACTION TO RECOVER MONEY LOST—LIMITATIONS.

Penal Law (Consol. Laws 1909, c. 40) § 995, authorizing an action for "money" lost at play, or by betting on the sides or hands of those playing, to be brought within three months after payment, has no application to· an action for the surrender and return of a note for money lost at cards and of a ring and life insurance policy given as security therefor.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. §§ 91, 92; Dec. Dig. § 45.*]

2. GAMING (§ 19*)—MONEY LOST—SUIT TO RECOVER.

Penal Law (Consol. Laws 1909, c. 40) § 993, which, with certain exceptions, declares that all things in action and conveyances given or executed in consideration of money won at play or by betting on the result of play shall be void, does not enable the loser to maintain a suit in equity to annul such security and obtain a return thereof.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. §§ 39–43; Dec. Dig. § 19.*]

3. GAMING (§ 20*)—MONEY LOST—SUIT TO RECOVER.

The wife of one losing money at cards, not a party to the transaction, who was induced to sign away her interest in a policy on her husband's life given to secure his note for the money lost, of which she was ignorant, without any consideration paid to her, might sue in equity for the surrender and return of the policy, notwithstanding Penal Law (Consol. Laws 1909, c. 40) § 993, declaring security for money won at play or by betting on the result of play to be void.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. §§ 45, 46; Dec. Dig. § 20.*]

Appeal from Special Term, New York County.

Action by Meyer Benisch and wife against Richard R. Mandelbaum. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

I. N. Jacobson, of New York City, for appellant.
William Godnick, of New York City, for respondents.

HOTCHKISS, J. The complaint alleges that plaintiff Meyer Benisch lost $750 to the defendant at cards for which amount Meyer delivered to defendant his promissory note, payable to defendant's order four months from date, and to secure the note Meyer delivered to defendant a valuable diamond ring and assigned and delivered to defendant an insurance policy on Meyer's life, in which assignment Helen, Meyer's coplaintiff and wife, was induced to join; the unlawful consideration for such assignment by plaintiff not being disclosed to her. At the maturity of the note, a renewal note for the sum of $780 was made and delivered to defendant by Meyer. The special relief demanded is the surrender and return of the note and ring, together with the policy, and that defendant be compelled to execute a reassignment of the latter.

[1] The answer set up several defenses, one of which is the three months' statute of limitations under section 995 of the Penal Law.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Plaintiff having demurred to the defense, defendant moved for judgment on the pleadings. Concededly none of the other defenses were good. I do not think that section 995 has anything to do with the case. That section authorizes an action for money lost at play "or by betting on the sides or hands of such as do play," which is not this case.

[2] The plaintiff argues that the action is maintainable under section 993 of the Penal Law, and that the six years' statute applies. I find nothing in that section which authorized any such action. Section 993 declares void, with certain exceptions, "all things in action, judgments, mortgages, conveyances and every other security whatsoever given or executed by any person where the whole or any part of the consideration of the same shall be for any money or other valuable thing won" at play or by betting on the result of play, etc. It is one thing, however, for such security to be void and quite another thing to admit the loser into a court of equity for the purpose of annuling such security and obtaining a return of the same. The grounds of this distinction and the reason for denying the loser the privilege of resorting to a court of equity for relief are fully set forth in Meech v. Stoner, 19 N. Y. 26, 27, 28.

[3] The fact that, so far as plaintiff Meyer is concerned, there is no equity in the complaint of which the court will take jurisdiction does not justify us in overruling the demurrer to the answer. As to the plaintiff Helen, the situation is different. She was not a particeps to the gaming transaction and has been induced to sign away, or to consent to an assignment of her interest in the policy, without any consideration paid either to her husband or to herself, and for that reason she has a standing in court. As to her there was a cause of action to which the answer presented no defense.

The order should be affirmed, with $10 costs and disbursements. All concur.